FINDINGS OF FACT

1. The taxpayer is a citizen of the United States, residing in New York City. At various times during the years 1911–1915, inclusive, he purchased and owned 385 shares of stock in Perry Dame & Co., for which he paid the par value of $100 a share, or a total of $38,500. During this time the corporation was capitalized at $625,000.

2. In December, 1919, the said corporation reorganized to secure new capital. The capital stock of the reorganized company was $975,000, made up of $350,000 preferred stock (3,500 shares, $100 par value each) and $625,000 common stock (12,500 shares, $50 par value each). The stockholders of the old company received 25 per cent of the new common stock and the remaining 75 per cent of the new common stock was distributed as a bonus to the purchasers of the preferred stock.

3. The taxpayer for his 385 shares of the old company received 171 shares of common stock of the reorganized company of a par value of $50, or $8,550. The taxpayer claims that the actual value of his stock was $45 per share, so that in the exchange he received a value of but $7,695, thereby sustaining a loss of $30,805. The Commissioner refused to allow such loss under the provisions of section 202(b) of the Revenue Act of 1918, and in a deficiency letter mailed November 29, 1924, assessed a deficiency against the taxpayer in the sum of $4,015.21.

DECISION.

The determination of the Commissioner is approved.

---

**Appeal of A. L. HOWELL.**        **Docket No. 1287.**
**Appeal of J. J. NYHOFF.**        **Docket No. 1288.**

Submitted April 6, 1925; decided May 23, 1925.

*R. F. Delahant, C. P. A.,* for the taxpayers.
*Blount Ralls, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

These two appeals are from determinations by the Commissioner of deficiencies in income taxes for the years 1919, 1920, and 1921. The taxpayers were members of a copartnership doing business as Nyhoff & Howell. The issues presented for consideration of the Board are the same for each taxpayer, and the two appeals were heard together. The deficiencies arose from the action of the Commissioner in adding to the income reported in the individual income-tax returns of the taxpayers certain payments made by the partnership which he disallowed as business expense; also from the refusal to allow deductions in their individual returns of certain alleged bad debts, losses on sale of stock and by storm, and luxury taxes.

## FINDINGS OF FACT.

1. The taxpayers during the times herein mentioned were the members of a copartnership doing business as Nyhoff & Howell, with their principal place of business at Troy, N. Y. The partnership was engaged in the business of buying and selling real estate. Its practice was to buy vacant land, subdivide the land into lots, and sell the lots on the monthly installment plan.

2. The partners took numerous trips purporting to be for business purposes. They went to such places as Chicago, Detroit, Gary, Miami, Jacksonville, and many other places. About twice each year each partner turned in to the firm a general statement of expenses for these trips, which were paid by the firm. The amounts so withdrawn by one partner were about the same as those withdrawn by the other partner.

The taxpayers each owned automobiles, which they also used in their business. Nyhoff had a Cadillac touring car, which he later traded in for a Cadillac sedan, and he turned that in for a Lincoln sedan about March, 1921. Howell had a Cadillac victoria. The cost and trade-in value of these cars do not appear in the record. These cars were used in taking prospects to and from the real estate sought to be sold. They were also used for family purposes. The expense accounts above referred to included the automobile expense and depreciation and loss in trade value. The Commissioner allowed as a partnership expense all the items claimed as automobile expense, except depreciation and loss in trade value. The Commissioner did, however, allow depreciation for the automobiles in the individual returns of the partners.

3. During the years in question the taxpayers withdrew from partnership funds, for alleged traveling expense, automobile expense, and depreciation, as follows: Nyhoff, $17,573.97; Howell, $17,553.10. In the vouchers presented to the bookkeeper by the taxpayers for payment there was nothing to indicate what portion, if any, was for pleasure and what portion was for business purposes. The items were for lump sums, such as "Florence, S. C., Jacksonville, Fla., and return to Troy, December, $1,400." The Commissioner refused to allow said traveling expenses as a business expense. There was no evidence that the traveling was for business purposes.

4. The Commissioner, in auditing the partnership income return, disallowed the amounts set forth in the expense accounts paid by the partnership for traveling expenses as follows: 1919, $7,223.41; 1920, $9,115.66; 1921, $12,444. The Commissioner treated the above amounts as withdrawals of partnership profits. He allowed depreciation on automobiles in the individual returns of the partners at a rate of 25 per cent on the estimated cost value of $2,500 each.

5. The partners did not keep individual books of account. Their income was all from the partnership. Their returns were made from memory and the information obtained from the partnership books and accounts. In auditing the income-tax returns of the individual partners, the Commissioner added to income additional items resulting from the disallowances for the traveling expenses, automobile

depreciation, and trade-in loss (and other items not here in controversy in the partnership return), as follows:

| Year. | Nyhoff. | Howell. |
|---|---|---|
| 1919 | $4,448.50 | $4,448.'0 |
| 1920 | 8,114.13 | 8,114.13 |
| 1921 | 9,169.17 | 9,169.16 |
| Total | 21,731.80 | 21,731.79 |

6. In the petition the taxpayers allege error on the part of the Commissioner in disallowing certain claims for bad debts, luxury taxes, loss from sale of stock, and loss by storm, but no evidence was presented to substantiate these claims, and consideration thereof was waived.

7. Neither of the taxpayers was present at the hearing to substantiate the claims that the traveling expenses were for business purposes. The only witness on behalf of the taxpayers was the office manager of the partnership, who had no personal knowledge of these expenditures, except that the statements were presented to and paid by the partnership. The Commissioner, in deficiency letters mailed November 1, 1924, asserted deficiencies as follows:

| Year. | Nyhoff. | Howell. |
|---|---|---|
| 1919 | $530.18 | $453.09 |
| 1920 | 1,495.46 | 1,364.20 |
| 1921 | 1,370.27 | 1,853.21 |
| | 3,395.91 | 3,655.50 |

DECISION.

The determination of the Commissioner in each appeal is approved.

---

Appeal of HERSCHEL V. JONES.                    Docket No. 944.

1. There is a distinction between a gift and a payment made by one person in recognition of a moral obligation to reimburse another for a loss arising out of a business transaction in which both were associated.

2. A taxpayer who, in recognition of a moral obligation to reimburse another for the loss of his investment resulting from the failure of a partnership, of which taxpayer also was a member, delivered to such person a note in a certain sum, and, upon the latter's death, paid the amount thereof, with interest, to his executors, may deduct the amount paid as a loss "incurred in trade or business" or "incurred in a transaction entered into for profit," under section 214 (a) (4) (5) of the Revenue Act of 1918.

3. The delivery of the note, or the payment of the amount thereof to the executors, did not constitute a gift.

4. Where such note was given in 1911, without consideration between the parties and upon the understanding that the payee would never insist upon payment, and the evidence was silent as to whether or not the note was an ordinary negotiable instrument, held, that the taxpayer was entitled to deduct the loss sustained on account thereof from his income for 1920, the year in which the note was paid.